UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAGE ENDOOM CANNABLISSHOM,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES GOVERNMENT,<br><br>          Defendant. | Case No. 25-cv-229 (JMC) |

### **MEMORANDUM OPINION**

Pro se Plaintiff "Sage Endoom Cannablisshom" filed a civil complaint against Defendant United States Government. For the reasons discussed below, the Court **DISMISSES** the complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

Plaintiff's complaint does not satisfy these requirements. Plaintiff purports to bring a medical malpractice claim, but the complaint consists of a single paragraph with allegations that

1

the Court cannot understand. Plaintiff's complaint begins with allegations of rape of family members against a person who does not appear to have any connection to the Government and goes on to make claims about some "fraudulent denial of a tort claim by the VA [(Veterans Affairs)] office of General Counsel" seemingly related to "mold toxins placed in [their] residence" and "trademark interference with [their] business," but it is not clear what any of this means. ECF 1 at 1. Plaintiff also makes allegations regarding VA medical providers in Ohio that Plaintiff claims "attempted murder" through unspecified prescription practices while "wearing demon masks around [Plaintiff's] bed while [Plaintiff was] asleep." *Id.* Without any further detail, such allegations appear to resemble the type of attenuated and "patently insubstantial" claims that this Court has no jurisdiction to entertain. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). The complaint says nothing about when these events purportedly occurred. And the Court has reason to suspect that Plaintiff did not file this case using Plaintiff's actual name.[1] Further, Plaintiff purports to seek one trillion dollars in damages for whatever injuries Plaintiff claims to have sustained. Even construing the complaint liberally, the Court is unable to identify what Plaintiff's claims are, when the claims occurred, what harm Plaintiff has suffered, or how Plaintiff is entitled to any relief.

    Plaintiff's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug.

---

[1] If the Court's suspicions are correct, Plaintiff is warned that this Complaint cannot be filed under a pseudonym without permission from the Court. Any amended complaint must be filed under Plaintiff's legal name unless Plaintiff requests permission.

24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

Given the nature of Plaintiff's allegations, the Court would be justified dismissing this complaint outright. However, the Court will grant Plaintiff leave to refile an amended complaint that cures the existing deficiencies by March 7, 2025. If Plaintiff does not file an amended complaint within that timeframe, files an amended complaint that recycles the present complaint and does not correct the deficiencies the Court has identified, makes frivolous or insubstantial claims, or otherwise fails to comply with Rule 8, this action may be dismissed with prejudice. *Brown*, 164 F. Supp. 3d at 35. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

                                                                              _____
                                                                              JIA M. COBB
                                                                              United States District Judge

Date: February 7, 2025