UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAGE ENDOOM CANNABLISSHOM,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT,<br><br>  Defendant. | Case No. 25-cv-229 (JMC) |

**MEMORANDUM OPINION**

On January 15, 2025, pro se Plaintiff "Sage Endoom Cannablisshom" filed a civil complaint—purportedly for medical malpractice—against the United States Government. ECF 1. On February 7, 2025, this Court dismissed his complaint without prejudice, sua sponte, for failure to comply with Federal Rule of Civil Procedure 8(a)(2). ECF 3; ECF 4. The Court identified deficiencies in Plaintiff's complaint, including that the complaint did not identify what happened to Plaintiff, when the events occurred, or how Plaintiff was injured, and included irrelevant details (including allegations about a rape) that appeared to have no relation to the United States. ECF 3 at 2. Plaintiff filed an amended complaint on March 12, 2025, ECF 5, but his amendments do not remedy the defects of his original complaint.

The amended complaint includes many of the same confusing allegations from Plaintiff's original complaint that the Court flagged for Plaintiff. For example, Plaintiff alleges "Malpractice, Harmful Prescribing, Gaslighting, [and] Neglect… impeding [his] Right to Government Services." ECF 5 at 4. But the Court still does not know what Plaintiff claims happened to him. He references purported retaliation but, again, provides no information to support his bare allegation. *Id.* He suggests that other government agencies, like the IRS and DEA, were somehow involved in

whatever (unspecified) harm he claims to have suffered, but he does not say how. He continues to press an allegation that his daughter was raped, *id.*, but the complaint does not make the relevance of this allegation apparent. And, in addition to one trillion dollars, he asks the Court to permit him to grow marijuana for his personal use, *id.*, which does not seem to have anything to do with his allegations. In fact, the only allegations the Court can link to any potential medical malpractice claim are that he "can No Longer Trust the VA with [his] HealthCare," that the "VA has Been Covering up with False Diagno[ses]," that he has some sort of "Jet Fuel Exposure," and that his "DNA" has been impacted in some way. *Id*. So, the Court understands that Plaintiff is perhaps claiming to have been misdiagnosed, but he does not provide sufficient detail that would permit Defendant to respond to that allegation. Like the first complaint, his allegations continue to resemble "the type of attenuated and 'patently insubstantial' claims that this Court has no jurisdiction to entertain." ECF 3 at 2 (citing *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989))). The Court understands that Plaintiff is pro se, but at minimum he has to identify what the United States Government did to him and how he was harmed. He has not done that.

Plaintiff's amended complaint is therefore **DISMISSED** for failure to comply with Rule 8(a)(2) for largely the same reasons stated in this Court's prior opinion. *See* ECF 3 at 2. That is, "[e]ven construing the complaint liberally, the Court is unable to identify what Plaintiff's claims are, when the claims occurred, what harm Plaintiff has suffered, or how Plaintiff is entitled to any relief." *Id.*

The Court has already provided Plaintiff with one opportunity to amend and warned him that failure to file an amended complaint that "does not correct the deficiencies the Court has identified, makes frivolous or insubstantial claims, or otherwise fails to comply with Rule 8," may

result in dismissal. *Id.* at 3. Further, the Court's complaint form for pro se litigants provided additional instructions, including that Plaintiff should "[s]tate how each defendant was involved," "what each defendant did that caused the plaintiff harm," as well as "the dates and places of that involvement or conduct." ECF 5 at 4.III. Plaintiff did not provide that information or heed the Court's instructions, so the Court is now dismissing this case. A separate order accompanies this memorandum opinion.

    **SO ORDERED.**

                                                                                                     _____
                                                                                                    JIA M. COBB
                                                                                                    United States District Judge

Date: March 27, 2025